UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA STERNBERG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2247** |
| **LOUIS BROTHERS, ET AL.** | **SECTION: "G"(3)** |

### ORDER AND REASONS

Before the Court is Defendant Louis Brothers' ("Defendant") "Motion to Extend Certain Deadlines."[1] In the motion, Defendant requests that the Court continue all discovery and pretrial deadlines.[2] In support of the motion, Defendant asserts that pending discovery issues and COVID-19 delays have resulted in his inability to properly prepare a defense.[3] Plaintiff Cynthia Sternberg ("Plaintiff") has not filed an opposition to the motion. Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

### I. Background

#### A.   *Factual Background*

This case arises out of a private contract dispute.[4] On March 1, 2019, Plaintiff filed a Complaint in this Court.[5] In the Complaint, Plaintiff alleges that she "leased from Brothers" a

---

[1] Rec. Doc. 32.

[2] *Id*.

[3] Rec. Doc. 32-1 at 2.

[4] Rec. Doc. 1.

[5] *Id*.

1

residential property in Madisonville, Louisiana.[6] Plaintiff further alleges that "[d]espite accepting full market rent for the property, Brothers never delivered full use of the premises."[7] Additionally, Plaintiff claims that Brothers "availed himself of full access of the premises," "disposed of petitioner's personal property," and "filed eviction proceedings [] knowing that petitioner would not receive notice or service."[8] Plaintiff seeks damages for "breach of contract, intentional infliction of emotional distress, general infliction of emotional distress for trespass, invasion of privacy and any and all available remedies under the law and in equity."[9]

**B.  *Procedural Background***

On March 11, 2019, Plaintiff filed a Complaint against Defendant in this Court.[10] On July 2, 2019, Defendant filed an Answer to the Complaint.[11] On October 15, 2019, Defendant filed an Amended Answer and Counterclaim against Plaintiff.[12]

On August 27, 2019, the Court issued a scheduling order setting this case for trial on August 17, 2020.[13] The scheduling order specified that "all discovery shall be completed no later than June 18, 2020."[14] The scheduling order further specified that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than July 1,

---

[6] *Id*. at 1–2.

[7] *Id*. at 2.

[8] *Id*. at 1–2.

[9] *Id*. at 2.

[10] *Id*.

[11] Rec. Doc. 7.

[12] Rec. Doc. 20.

[13] Rec. Doc. 12 at 4.

[14] *Id*.

2020."[15]

On June 26, 2020, Chief Judge Nannette Jolivette Brown issued General Order 20-9 for the United States District Court for the Eastern District of Louisiana. In light of the COVID-19 pandemic, General Order 20-9 suspended all jury trials, including the August 17, 2020, jury trial in this case, until after October 5, 2020.[16] Accordingly, on August 4, 2020, the Court issued a second scheduling order setting this case for trial on September 27, 2021.[17] Pursuant to General Order 20-9, only those deadlines tied to the pretrial conference date and trial date—such as the deadlines to file a joint proposed pretrial order, proposed jury instructions, proposed voir dire, and pretrial briefing—were continued.[18] The discovery and motions deadlines were not reset.[19]

On July 28, 2020, Defendant filed the instant "Motion to Extend Certain Deadlines," requesting that the Court extend the discovery and pre-trial motions deadlines in this case for two reasons.[20] First, Defendant states that there have been discovery issues in this litigation and a motion to compel discovery remains pending before the Magistrate Judge.[21] Second, Defendant states that the COVID-19 pandemic has significantly impacted his ability to take meaningful discovery in this matter.[22] Defendant avers that he is over 65 years old and is at high risk of

---

[15] *Id*. at 1.

[16] Rec. Doc. 29.

[17] Rec. Doc. 38 at 4.

[18] Rec. Doc. 29.

[19] Rec. Doc. 38.

[20] Rec. Doc. 32.

[21] Rec. Doc. 32-1 at 2.

[22] *Id.* at 4.

3

contracting COVID-19.[23]

Defendant's "Motion to Extend Certain Deadlines" was set for submission on August 12, 2020.[24] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed an opposition to the motion, and therefore the motion is deemed to be unopposed. This Court may grant an unopposed motion as long as the motion has merit.[25]

## II. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[26] To demonstrate good cause, the party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[27] The Fifth Circuit has enumerated "four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4)."[28] Those four factors are: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice."[29]

---

[23] *Id.*

[24] Rec. Doc. 32.

[25] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[26] Fed. R. Civ. P. 16(b)(4).

[27] *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir.2013) (per curiam) (internal quotation marks and citation omitted).

[28] *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

[29] *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (internal quotation marks and citation omitted).

"When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's [time]."[30] Simply put, whether to grant or deny a continuance is within the sound discretion of the trial court.[31]

### III. Analysis

Defendant moves the Court to extend the discovery and pre-trial motions deadlines in this case for two reasons.[32] The Court will consider each good-cause factor in turn. First, Defendant sufficiently explains why he could not meet the deadlines for discovery and filing of motions as set forth in the original scheduling order. Defendant states that Plaintiff refused to appear for her deposition and failed to supplement discovery, which resulted in Defendant filing a motion to compel that is currently pending before the Magistrate Judge.[33] Defendant also states that the COVID-19 pandemic—and the resulting "scheduling issues" and "widespread uncertainty"—significantly impacted his ability to take meaningful discovery in this case.[34]

Second, the importance of the continuance is apparent. Defendant alleges that due to pending discovery issues and the COVID-19 pandemic, he has been unable to take Plaintiff's

---

[30] *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986)). The Fifth Circuit does not "substitute [its] judgment concerning the necessity of a continuance for that of the district court" unless "the complaining party demonstrates that it was prejudiced by the denial." *Id.* (quoting *Fontenot*, 780 F.2d at 1194).

[31] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).

[32] Rec. Doc. 32.

[33] Rec. Doc. 32-1 at 2.

[34] *Id.* at 2–4.

deposition and prepare a proper defense to the present lawsuit.[35]

Third, neither party has identified a prejudicial effect resulting from a continuance of discovery and non-evidentiary pretrial motions deadlines. Lastly, due to the COVID-19 pandemic, the trial date has been continued to September 27, 2021, curing any potential prejudice caused by a continuance of the motions and discovery deadlines. Considering these factors, Defendant has demonstrated the required good cause under Federal Rule of Civil Procedure 16(b)(4).

### IV. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Louis Brothers' unopposed "Motion to Extend Certain Deadlines"[36] is **GRANTED**.

**IT IS FURTHER ORDERED** that all discovery shall be completed no later than July 30, 2021.

**IT IS FURTHER ORDERED** that all non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than July 28, 2021.

**NEW ORLEANS, LOUISIANA,** this \_\_18th\_\_ day of August, 2020.

								NANNETTE JOLIVETTE BROWN
								**CHIEF JUDGE**
								**UNITED STATES DISTRICT COURT**

---

[35] *Id*. at 2.

[36] Rec. Doc. 32.